**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: _____**

_____

THOMAS E. BELL,

                Plaintiff,                  **COMPLAINT**

v.

                                  **JURY TRIAL DEMANDED**

SPRINGER, INC. d/b/a
SPRINGER COLLECTIONS,

                Defendant.

_____

## INTRODUCTION

1.  This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2.  The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3.  The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4.      The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6.      Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

### Plaintiff

7.      Plaintiff Thomas E. Bell (hereinafter "Plaintiff"), is a natural person residing in the County of Washington, State of Minnesota, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. § 1692k(a).

**Defendant**

8.      Defendant Springer, Inc., d/b/a Springer Collections (hereinafter "Defendant"), is a Minnesota corporation with its principal place of business located at 876 East 7th Street, St. Paul, MN 55106.

9.      Defendant is a "debt collector," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

10.     Sometime prior to September 2013, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

11.     Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

12.     On or about October 23, 2013, Defendant called Plaintiff and left a voicemail message regarding the debt. Defendant's October 23, 2013 voicemail is therefore a "communication" as that term is defined by Section 803(2) of the FDPCA, 15 U.S.C. § 1692a(2).

13.     Defendant's communication failed to disclose that Defendant was a debt collector attempting to collect a debt.

14.     Defendant's communication failed to disclose that any information obtained from Plaintiff would be used for the purpose of debt collection.

**Violations of The Fair Debt Collection Practices Act**

15.   Defendant violated Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, and 1692e(11) by failing to advise Plaintiff of statutorily mandated information regarding the purpose of Defendant's call and Defendant's role as a debt collector.

16.   Defendant's violation of the FDCPA materially influenced Plaintiff's decision as to whether to return the call because Plaintiff was without information necessary for determining whether the call received concerned a legitimate matter requiring Plaintiff's response and not an attempt to scam Plaintiff.

**Respondeat Superior Liability**

17.   The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

18.   The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

19.   By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

20.     Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat
Superior for the intentional and negligent acts, errors, and omissions done in
violation of federal law by its collection employees, including but not limited
to violations of the FDCPA and Minnesota law, in their attempts to collect
this debt from Plaintiff.

*Summary*

21.     The above-detailed conduct by Defendant was a violation of numerous and
multiple provisions of the FDCPA, including but not limited to the provisions
of the FDCPA identified above.

22.     Defendant's negligent and/or intentional acts resulted in the violation of
numerous provisions of federal law and resulted in actual damages to the
Plaintiff.

**TRIAL BY JURY**

23.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S.
Const. amend. 7.  Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I
VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et seq.**

24.     Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

25.     The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

26.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

27.     For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

28.     For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

29.     For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

Respectfully submitted,

Dated:  February 19, 2014          MARTINEAU, GONKO & VAVRECK, PLLC


 s/ Mark L. Vavreck                                      .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com